(110 So. 57)

GRISSOM v. STATE. (8 Div. 491.)

(Court of Appeals of Alabama. Sept. 7, 1926. Rehearing Denied Oct. 26, 1926.)

Criminal law ☞693.

Objection to introduction of evidence after question and answer comes too late.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Phil Grissom was convicted of having prohibited liquor in his possession, and he appeals. Affirmed.

Stell & Quillin, of Russellville, for appellant.

The evidence being insufficient to sustain a conviction, the appellate court should reverse the judgment. Jackson v. State, 20 Ala. App. 664, 104 So. 865; Fair v. State, 16 Ala. App. 152, 75 So. 828.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Objection after answer comes too late. White v. State, 20 Ala. App. 213, 101 So. 312. There was no error in overruling motion for new trial. Williams v. State, 20 Ala. App. 275, 101 So. 509.

RICE, J. Appellant was convicted of the offense of having prohibited liquor in his possession. He was tried before the court, sitting without a jury.

In each instance, where objection was sought to be made to the introduction of evidence, the objection did not come until after question and answer. Such an objection comes too late. No motion was made to exclude any of the answers.

Defendant's motion for a new trial was properly overruled. The matters made the basis of same were merely cumulative to evidence offered on the trial.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.